LAW OFFICES OF DIANE B. SHERMAN

ATTORNEYS AT LAW
43 WEST 43rd STREET, SUITE 180
NEW YORK, NEW YORK 10036-7424
212.859.5029

DIANE B. SHERMAN*
*ADMITTED TO PRACTICE IN NEW YORK, CALIFORNIA AND THE DISTRICT OF COLUMBIA
DS@SHERMANLAW.COM

August 21, 2026

**BY ECF**
Hon. Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 18C
New York, NY 10007

Re: J.R. Klein v. Dig Inn Restaurant Group, LLC, No. 1:26-cv-03236-MKV

Dear Judge Vyskocil:

This firm represents defendant Dig Inn Restaurant Group, LLC ("Dig Inn"). Following the parties' conferral regarding settlement, we write jointly with counsel for plaintiff to respectfully request that the Court (i) hold in abeyance the August 24, 2026 deadline for the parties' Joint Letter and Proposed Civil Case Management Plan and Scheduling Order, and (ii) stay discovery, in each case pending the parties' private mediation, with a joint status letter to be filed within seven days after the mediation session. The parties have agreed to mediate before a private mediator, and the mediation is scheduled for November 17, 2026.

## I. Background

Plaintiff filed this putative class action on April 20, 2026, and filed the operative First Amended Complaint on July 9, 2026. [EFF Nos. 1, 13.] Plaintiff alleges that the checkout screen on Dig Inn's delivery platform bundled a $1.99 service fee together with sales tax under a single "Taxes and fees" line, and asserts claims for breach of contract (Count I) and unjust enrichment (Count II) on behalf of a putative nationwide class, and claims under New York General Business Law sections 349 and 350 (Counts III and IV) on behalf of a putative New York subclass.

On July 23, 2026, Dig Inn answered Counts III and IV and moved to dismiss Counts I and II. [ECF Nos. 14, 15, 16.] Plaintiff filed his opposition to the motion to dismiss on July 29, 2026. [ECF No. 17.] Dig Inn filed its reply on August 5, 2026. [ECF No. 21.] The motion is fully submitted.

On August 3, 2026, the Court entered a Scheduling Order directing the parties to commence discovery, including the exchange of initial disclosures; to meet and confer regarding the possibility of settlement; and to file a Joint Letter and Proposed Civil Case Management Plan and Scheduling Order by August 24, 2026. ECF No. 18.

The parties have conferred regarding settlement as the Court directed. Given that this is a putative class action, the parties agreed that the matter was appropriate for private mediation and the parties have agreed to mediate this matter before mediator Marc E. Isserles of JAMS New York. The mediation is scheduled for November 17, 2026.

The parties have further agreed to exchange informally, in advance of the session, the information each requires to evaluate the matter.

## II. The Parties Jointly Request That the Case Management Deadline Be Held in Abeyance and That Discovery Be Stayed Pending the Mediation

Federal district courts have "broad discretion to direct and manage the pre-trial discovery process." *Farzan v. Bridgewater Associates, LP*, 699 F. App'x 57, 58 (2d Cir. 2017) (citation omitted) (affirming trial court's stay of discovery). Upon a showing of good cause, a district court has considerable discretion to stay discovery under Rule 26(c). *Republic of Turkey v. Christie's, Inc*., 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018). The Court also possesses the inherent authority to control the disposition of the cases on its docket. *Landis v. North American Co*., 299 U.S. 248, 254 (1936).

Good cause is present here. First, the parties have committed to mediate before a private mediator on the timetable set out above, and have agreed to an informal exchange of the information each side needs to evaluate the matter. The purpose that formal discovery would serve at this stage will therefore be accomplished without it, and on a shorter timetable.

Second, because this application is made jointly, no party will be prejudiced by the relief requested. The stay sought is temporary, and the parties will report to the Court within seven days after the mediation session.

Third, this is a putative nationwide consumer class action, in which discovery is ordinarily broad and expensive. Resources devoted to class discovery in advance of the mediation would materially reduce the resources available to resolve this matter. The parties respectfully submit that the more efficient course, for them and for the Court, is to determine first whether this case can be resolved.

Because this application is made jointly, the parties respectfully submit that a pre-motion conference and proposed Case Management Plan should be stayed pending the scheduled mediation. The parties are of course prepared to submit further materials should the Court wish to receive them.

If the matter does not resolve at the mediation, the parties will file the Joint Letter and Proposed Civil Case Management Plan and Scheduling Order within fourteen days after the session, or on such other date as the Court directs.

We thank the Court for its consideration of this request.

Respectfully,

LAW OFFICES OF DIANE B. SHERMAN, APC

Diane B. Sherman
______________________________

Telephone: (212) 859.5029
Email: ds@shermanlaw.com

cc: All parties (by ECF)

This request is GRANTED IN PART and DENIED IN PART. The deadline to submit the Joint Letter and Proposed Case Management Plan is extended until December 1, 2026. The parties shall file a joint letter within three days of the conclusion of the mediation informing the Court whether it was successful.

Date: Aug. 24, 2026
New York, New York

Mary Kay Vyskocil
Mary Kay Vyskocil
United States District Judge